Lytle A. SEIBERT, Jr., Appellant,

v.

GENERAL MOTORS CORPORATION, et al., Appellees.

No. A14–92–00895–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 22, 1993.

Benton Musslewhite, Houston, for appellant.

Carmody Baker, Terriann Trostle, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment granted for appellees, General Motors and J.M. Marks Investment Co., in a product liability/personal injury action. The trial court granted appellees' motion for summary judgment on the basis that the statute of limitations barred appellant's action. Appellant brings two points of error. We affirm.

Lytle Seibert, Jr. was injured in an automobile accident on May 29, 1976 while sitting in the rear of a 1970 Oldsmobile Cutlass. Appellant claims that the rear lap seatbelts were responsible for his injuries. Specifically, appellant claims that upon impact, the safety belt caused him to jackknife over the belt, snapping his spine in half and leaving him permanently paralyzed from the waist down. He claims to have also suffered other severe and permanent internal injuries.

Seibert brought a pro se suit against appellees on October 29, 1990. Because appellant filed suit more than fourteen years after the accident occurred, Seibert

argues that he was not able to discover his cause of action until sometime after October 29, 1988. He claims that appellees concealed his cause of action. He also maintains that he acted reasonably in not discovering his full cause of action until this time. GM and Marks Chevrolet answered with a general denial and pleaded the affirmative defense of limitations. They then moved for summary judgment on the basis of limitations. Appellant responded to the motion for summary judgment by pleading fraudulent concealment as an affirmative defense to appellees' statute of limitations defense. His response was supported with a personal affidavit and a transcript from an ABC 20/20 News Program. Appellant claimed that he first learned of his cause of action when he sent off for the transcript. A friend had told him that 20/20 had aired a program on lap seatbelts. Appellant contends that the friend told him about the program a few days before October 29, 1988. The transcript was mailed to him on October 28, 1988. He received it on October 29, 1988. Appellant claims that until he received the transcript, he neither discovered his cause of action or determined that appellees fraudulently concealed his cause of action. The trial court granted appellees' motion for summary judgment on April 25, 1992. Appellant appeals on two points of error.

In his first point of error, appellant contends that the trial court erred in granting summary judgment because fact issues existed as to whether appellees fraudulently concealed his cause of action and whether he acted reasonably in not discovering his full cause of action until within two years of filing suit. In his second point, appellant contends that the trial court erred in granting summary judgment on the basis of limitations because the statute of limitations, as applied by the trial court, denied appellant his constitutional right to trial under the open courts provision of the Texas Constitution.

In a summary judgment case, the burden of demonstrating lack of genuine issue of material fact is upon the movant, and all doubts are resolved against the movant. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979). The movant has the burden of conclusively establishing all elements of the cause of action or defense as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Odeneal v. Van Horn,* 678 S.W.2d 941 (Tex.1984). See Tex.R.Civ.P. 166a(c). Thus, a defendant may move for a summary judgment based on an affirmative defense. The defendant's burden is to prove as a matter of law all the elements of the affirmative defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Archambault v. Archambault,* 846 S.W.2d 359, 360 (Tex.App.— Houston [14th Dist.] 1992, no writ); *Pierson v. Houston Indep. School Dist.,* 698 S.W.2d 377, 380 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

A defendant seeking summary judgment based on the statute of limitations must prove when the cause of action accrued and must negate the applicability of the discovery rule if pled by the non-movant. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Archambault,* 846 S.W.2d at 360. Unless the movant conclusively establishes each element of the affirmative defense, the non-movant plaintiff has no burden in response to defendant's motion. *Torres v. Western Casualty & Sur.,* 457 S.W.2d 50, 52 (Tex.1970). However, where an affirmative defense is established, the burden of raising a disputed fact issue shifts to the non-movant. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

## I. Trial Court Property Granted Appellees' Motion for Summary Judgment Because the Cause of Action Was Barred by the Statute of Limitations

Appellant contends in his first point that the trial court erred in granting summary judgment. Specifically, appellant argues that fact issues existed as to whether appellees fraudulently concealed Seibert's cause of action and whether Seibert acted reasonably in not discovering his full cause of action until within two years of filing

suit. The issue in this case is when the cause of action accrued.

Section 16.003(a) of the Texas Civil Practice & Remedies Code provides that the statute of limitations for a personal injury cause of action is two years. This section states that "[a] person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues." TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). In their motion for summary judgment based on limitations, appellees had the burden: (1) to show when the cause of action occurred; and (2) to negate the discovery rule by showing as a matter of law that there was no genuine issue of material fact as to when appellant discovered or should have discovered his injury. *Burns*, 786 S.W.2d at 267; *Archambault*, 846 S.W.2d at 360.

### A. The Discovery Rule is Not Applicable

#### 1. Appellees Met Their Burden to Negate the Discovery Rule

■ The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex.1990). In applying the statute of limitations, a cause of action generally is said to accrue when facts come into existence which give a claimant the right to seek remedy in the courts. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977). In personal injury actions, it is when "the wrongful act effects an injury, regardless of when the claimant learned of such injury." *Id. See also Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967) (general rule for tort action is it accrues when tort is committed notwithstanding fact full range of damages are not ascertainable until a later date).

■ The discovery rule is an exception to the general rule. *Moreno*, 787 S.W.2d at 351. It applies to those situations in which a claimant was unable to know of his injury at the time of actual accrual. *Id.* Because it addresses only the discovery of the *injury*, the discovery rule is not applied to toll the statute of limitations until the time that a plaintiff discovers all the ele-

ments of his *cause of action*. *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. App.—San Antonio 1985, writ dism'd by agr.). It is not activated unless the plaintiff's injury is inherently undiscoverable.

■ The Texas Supreme Court has only applied the discovery rule in a limited number of cases. The shared component of these cases is that the injury was inherently undiscoverable. In other words, at the time that the injury arose, the plaintiff did not and could not know of the injury. *See, e.g., Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1988) (discovery of legal malpractice); *Bayouth v. Lion Oil*, 671 S.W.2d 867, 868 (Tex.1984) (action for permanent land damages accrues upon discovery of first actionable injury); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex.1976) (discovery of defamatory credit report); *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex.1972) (discovery that patient is fertile after vasectomy); *Gaddis v. Smith*, 417 S.W.2d 577 (Tex. 1967) (discovery of sponge in patient's body); *Allen v. Roddis Lumber and Veneer*, 796 S.W.2d 758, 760–61 (Tex.App.—Corpus Christi 1990, writ denied) (discovery of undetectable formaldehyde vapors). Unlike the plaintiffs in these cases, appellant's injury was not inherently undiscoverable. On the contrary, appellant's injury was discoverable and was indeed discovered, the day of his injury.

In an effort to excuse his failure to file a lawsuit for fourteen years, the appellant attempts to redefine the discovery rule. His claim is that "the statute of limitations is tolled, and the cause of action does not accrue, until the right of the action is discovered or should have been discovered." Appellant's Brief at 6. Specifically, Seibert contends that the discovery rule applies such that his cause of action accrued not on the date of his injury, but when a friend told him about a television program and he received the transcript of the program. This is not the law in Texas.

In *Coody v. A.H. Robins Co.*, the court of appeals affirmed the summary judgment for defendant based on its limitations defense. In doing so it succinctly summarized the discovery rule in stating:

The discovery rule speaks only of *discovery of the injury*. It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of *a cause of action*. Once appellant learned that she had been injured, the burden was on her to determine whether she should file suit.

*A.H. Robins Co.*, 696 S.W.2d at 156 (emphasis added).

Appellant had two years from the date of his accident to file suit. Texas law makes it clear that it is the discovery of the injury, and not the discovery of the cause of action, which starts the running of the clock for the statute of limitations. It is equally clear that the discovery rule does not operate to toll the running of this clock unless the plaintiff's injury was inherently undiscoverable. Because appellant's injury was not inherently undiscoverable, appellees met their burden to prove that the discovery rule is inapplicable. Moreover, as appellees met their burden to prove every element of their affirmative defense, the burden of raising a fact issue shifted to appellant. Appellant's attempt to create a fact issue as to whether he acted reasonably in not discovering his cause of action is to no avail. As a question of law for the court, we find that the cause of action accrued when the act effected the injury. This occurred on May 29, 1976.

## 2. Appellees Met Their Burden to Show That the Cause of Action Began to Accrue on May 29, 1976

■ The summary judgment evidence of appellees conclusively shows that appellant knew that he was injured on the date of the accident. This evidence also demonstrated that appellant knew the identity of the vehicle's manufacturer and seller. Appellant had two years from the accident date to determine whether the Oldsmobile Cutlass was the cause of his injury. It is not disputed that Seibert failed to file a lawsuit within the two-year statute of limitations. It is also not disputed that once he did file suit, it was more than fourteen years after his injury. The pleadings of a plaintiff can certainly be used to establish that a case was filed outside the statute of limitations.

*Alice Roofing & Sheet Metal Works v. Halleman*, 775 S.W.2d 869, 870 (Tex. App.—San Antonio 1989, no writ); *Gottlieb v. Hofheinz*, 523 S.W.2d 7, 10 (Tex.App.—Houston [1st Dist.] 1975, no writ). Appellees have met their burden to prove when the cause of action accrued.

The appellees have also met their burden to negate the discovery rule. Appellees did so by proving that as a matter of law, there was no genuine issue of fact as to when the plaintiff discovered or should have discovered his injury. Once appellees established their affirmative defense, appellant failed to raise a disputed fact issue. Appellant's argument that there is a fact issue as to whether he acted reasonably is without merit. Any action that appellant might have had, accrued on the day of his injury. Particularly, appellant's cause of action accrued on May 29, 1976. Applying the applicable two-year limitations period, the appellant's cause of action was barred by the statute of limitations on May 29, 1978.

## B. *The Doctrine of Fraudulent Concealment Does Not Apply*

### 1. Appellant's Burden of Proof on Fraudulent Concealment

■ In his first point, appellant also contends that the trial court erred in granting summary judgment because a fact issue existed as to whether appellees fraudulently concealed appellant's cause of action. Fraudulent concealment is a plea in avoidance to a statute of limitations defense. Based upon equitable estoppel, the doctrine of fraudulent concealment works to estop "a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim." *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983). Even where the doctrine is invoked, a defendant is estopped from relying on the limitations defense only until such time that the party either learns of the right of action, or should have learned of the right by exercising reasonable diligence. *Id.; Leeds v. Cooley*, 702 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.);

*Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.1974).

■ Fraudulent concealment materializes only "where a defendant is under a *duty* to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs." *Borderlon*, 661 S.W.2d at 908. (emphasis added) (finding duty to disclose negligence in physician-patient relationship). A defendant will not be estopped from relying on his limitations defense unless the plaintiff meets his burden of proof. *Leeds v. Cooley*, 702 S.W.2d at 215. A plaintiff's burden is two-pronged. A plaintiff attempting to estop a defendant from relying on a limitations defense must first prove that appellees had a duty to make a disclosure to appellant. *See Borderlon*, 661 S.W.2d at 908. After establishing this duty, he must then prove that the defendant actually knew that a wrong occurred and that there was a fixed purpose to conceal this wrong. *Berkley v. American Cyanamid Co.*, 799 F.2d 995, 1000 (5th Cir.1986); *Dotsun v. Alamo Funeral Home*, 577 S.W.2d 308, 311 (Tex.Civ.App.—San Antonio 1979, no writ).

### 2. Appellees Had No Duty to Disclose Appellant's Alleged Cause of Action

■ Whether appellant is correct in claiming that fraudulent concealment tolls the statute of limitations depends on whether appellees had a legal duty to appellant to disclose the alleged cause of action. *See Lang v. Lee*, 777 S.W.2d 158, 164 (Tex.App.—Dallas 1989, no writ) (where relationship of trust or confidence exists between defendant and defrauded party, defendant is under duty to make full disclosure of facts so that fraud can be discovered). The issue of whether a duty exists is a question of law for the court. *Greater Houston Transp. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). First, without a fiduciary relationship between the parties in the instant case, there is no duty. *See Tempo Tamers, Inc. v. Crow-Houston Four, Ltd.*, 715 S.W.2d 658, 669 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (failure

to disclose is not fraudulent unless one has an affirmative duty to disclose because there is a confidential or fiduciary relationship between the parties). If there is no duty, mere failure to disclose a cause of action or its mere concealment, is not fraudulent concealment for the purposes of tolling the statute of limitations. *See Hurbrough v. Cain*, 571 S.W.2d 216, 221 (Tex.Civ.App.—Tyler 1978, no writ); *Tennimon v. Bell Helicopter Textron*, 823 F.2d 68 (5th Cir.1987) (applying Texas law and affirming summary judgment finding that in the absence of an allegation of special relationship of trust and confidence giving rise to a duty to disclose negligent act, doctrine of fraudulent concealment will not estop helicopter manufacturer from relying on limitations defense).

The relationship between the parties in this case was not a fiduciary one. Nor were appellees under a duty to inform Seibert of an alleged cause of action. Although a manufacturer is under a duty to adequately warn of the foreseeable inherent dangers attendant upon the proper and intended use of its products, the duty to warn is unrelated to the duty to disclose a cause of action. We cannot require manufacturers and retailers to advise their customers of every conceivable cause of action. Requiring them to notify their customers of a sensationalized television program would be more ludicrous. Because appellant has failed to show that a duty did indeed exist, he failed to establish the first prong of the fraudulent concealment test.

### 3. Appellant Failed to Prove the Second Prong of the Fraudulent Concealment Test

■ Alternatively, even if we were to find that appellees had a duty to disclose the alleged cause of action, appellant has not proven that appellees had actual knowledge that a wrong occurred and that there was a fixed purpose to conceal this wrong. The affidavit and television transcript introduced by appellant were hearsay. Moreover, although appellant seeks to "authenticate" the television transcript by relying on the reply letter doctrine, this doc-

trine does not apply. This doctrine applies where the genuineness of the signature to a reply letter may be shown by circumstantial evidence. *Gibralter Colorado Life v. Taylor*, 132 Tex. 328, 123 S.W.2d 318, 321 (1939). An attempt to rely on the doctrine is much removed from that required to authenticate a television transcript. *See* TEX.R.CIV.EVID. 901.

Yet even if the affidavit and transcript had been competent and admissible evidence, the information appellant would introduce to show fraudulent concealment actually serves to show that no fraudulent concealment occurred. The affidavit and transcript upon which appellant would rely shows: that lapbelt studies were conducted in the 1960's and 70's; that doctors began doing research on the lapbelt in the mid-1960's and that belt related injuries were "easy to diagnose". Because this information was available when appellant's injury occurred, there can be no fraudulent concealment. Appellant's attempt to toll the statute of limitations based on fraudulent concealment is born of the same misconception that the discovery rule applies. Appellant has failed to estop appellees' defense because he has not shown a duty or that appellees knew of a wrong and that it fraudulently concealed this wrong.

In sum, there are no fact issues as to whether appellees fraudulently concealed appellant's cause of action or whether appellant acted reasonably in not discovering his full cause of action. These issues do not control when appellant's cause of action accrued—an unrebutted and unestopped statute of limitations defense controls. Because appellees met their burden on their affirmative defense, the trial court did not err in granting summary judgment for appellees. Appellant's first point of error is overruled.

## II. The Open Courts Provision Only Requires That Appellant be Given a Reasonable Time to File Suit After He is Injured

In his second point of error, appellant contends that the trial court erred in granting summary judgment on the basis of limitations because the statute of limitations, as applied and interpreted by the trial court, denied Seibert his constitutional right to trial under the open courts provision of the Texas Constitution. TEX. CONST. art. I, § 13 (Vernon 1984).

### A. *Appellant Waived This Point of Error*

■ Because appellant failed to raise the open courts provision in his original petition and in his response to appellees' motion for summary judgment, this ground cannot be urged as a basis for reversal of the trial court's judgment. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Appellant has failed to preserve error by not bringing it before the trial court. TEX. R.APP.P. 52(a). Failing to preserve error, appellant now attempts to assert this is fundamental error. In view of the fact that Texas Courts only infrequently find fundamental error, appellant faces a difficult hurdle. *American Gen. Fire & Casualty v. Weinberg*, 639 S.W.2d 688, 689 (Tex. 1982).

In order to show fundamental error, appellant must show that when balanced against the purpose of the statute, the restriction placed on the common law cause of action was unreasonable or arbitrary. *Moreno*, 787 S.W.2d at 355; *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Appellant cannot meet his burden because after weighing the purpose of the statute with the restriction, the restriction is neither unreasonable nor arbitrary. This is because predictability and finality are the linchpin of the statute of limitations. *See United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979); *Safeway Stores v. Certainteed Corp.*, 710 S.W.2d 544, 545–46 (Tex.1986).

As discussed in appellant's first point of error, Texas law mandates that a cause of action accrues when an injury is discovered. Here, the statute of limitations afforded appellant with a legislatively determined time in which to bring his claim. The policy behind this decision was the desire to protect defendants and courts from cases

in which the search for truth may be seriously impaired. A limitation on the time that one has to bring an action is pivotal in preventing an impairment of this search. With the passage of time frequently comes loss of evidence, death or disappearance of witnesses, fading memories, and disappearance of documents. *Kubrick,* 444 U.S. at 117, 100 S.Ct. at 356. *See also Moreno,* 787 S.W.2d at 351; *Safeway Stores,* 710 S.W.2d at 545–46. When balanced against the statute's purpose, the restriction on the time in which appellant had to bring his claim was neither unreasonable nor arbitrary. Appellant has failed to show fundamental error.

### B. *The Statute of Limitations Provided Appellant with a Reasonable Opportunity to File Suit After He was Injured*

■ Even if appellant had not waived his error, he would receive no remedy under the open courts provision. The open courts provision of the Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. Although the open courts provision guarantees every person with an injury a remedy by due course of law, it does not operate to provide appellant with the relief that he poses. *See Clem v. Evans,* 291 S.W. 871 (Tex.Comm'n App.1927, holding approved).

The open courts provision only requires that appellant be given a reasonable time to bring suit after discovering his injury. *Morrison v. Chan,* 699 S.W.2d 205, 207 (Tex.1985); *Work v. Duval,* 809 S.W.2d 351, 353 (Tex.App.—Houston [14th Dist.] 1991, no writ). It has no effect on the limitations period when the plaintiff discovers his injury and there is still a reasonable time to sue. *Morrison,* 699 S.W.2d at 207; *Nelson v. Krusen,* 678 S.W.2d 918, 923 (Tex.1984); *Wilson v. Rudd,* 814 S.W.2d 818, 824 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

In *Neagle v. Nelson,* 685 S.W.2d 11 (Tex. 1985), the plaintiff claimed that a surgical sponge was left in his abdomen during an appendectomy. The trial court granted the defendant's motion for summary judgment on the basis of limitations. However, the Texas Supreme Court found that when looking at the facts of Neagle's case, the limitations provision violated the open courts provision. The court held that the statute of limitations as applied, "abridge[d] [Neagle's] right to sue before he ha[d] a reasonable opportunity to discover the wrong and bring suit." *Neagle,* 685 S.W.2d at 12. Unlike the plaintiff in *Neagle,* appellant had a reasonable opportunity to bring suit after he discovered the wrong. The courts were not closed to appellant, he had two full years from the date of his injury to investigate his claim and file a suit. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a). It was incumbent upon appellant to file his suit during that time period. Because appellant was provided with a reasonable time in which to bring a cause of action, appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.