Patrick v. Howard 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00001-CV







Dennis Patrick and Vince Garcia, Appellants



v.



Former Sheriff Don Howard, Office of the District Attorney, Commissioner Johnny


Hughes, Commissioner Russell Noletubby, Commissioner Melvin Foster,


County Judge Robert Browne, and Sterling County, Appellees







FROM THE DISTRICT COURT OF STERLING COUNTY, 51ST JUDICIAL DISTRICT


NO. 2112, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING








 Appellants Dennis Patrick and Vince Garcia ("Plaintiffs") sued the former sheriff
of Sterling County, Don Howard, and others (1) ("Defendants") for tort damages arising from their
alleged wrongful criminal prosecution. Defendants moved for summary judgment on the ground
that the applicable statutes of limitations barred the claims. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 16.002, .003 (West 1986). The trial court granted the motion and rendered a take-nothing judgment for Defendants. Plaintiffs appeal, contending that the trial court improperly
granted summary judgment because either the discovery rule or the doctrine of fraudulent
concealment tolled the statutes of limitations. We believe that neither is applicable in this context
and will therefore affirm the trial-court judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 Garcia and Patrick were subjects of an undercover drug operation instigated by the
Sterling County Sheriff's Department. Both were indicted for drug offenses. Garcia was
acquitted by a jury on August 14, 1990. The criminal indictment against Patrick was dismissed
on April 29, 1991. On August 9, 1993, well in excess of two years following the termination of
their criminal prosecutions, Plaintiffs filed suit against Defendants alleging: conspiracy, wrongful
procurement of criminal complaints, false swearing, false arrest, false procurement of arrest,
unreasonable search and seizures, false imprisonment, intentional infliction of emotional distress,
invasion of privacy, conversion of personal property, abuse of process, and malicious prosecution.

 The thrust of their complaint was that Defendants relied on an informant, William
Lonnie Hood, who was himself later convicted of perjury in connection with other arrests and
prosecutions. Plaintiffs allege that Defendants failed to use proper police procedures in creating
and implementing their "sting" operation, thereby tortiously harming them in violation of the
common law, Texas Tort Claims Act, and Texas Constitution. Additionally, Plaintiffs contend
that Defendants knew Hood had fabricated evidence, committed perjury, and falsely accused them,
yet fraudulently concealed these facts from them.

 Defendants moved for summary judgment on the ground that limitations barred all
of Plaintiffs' claims. (2) Plaintiffs did not file a response to the summary judgment motion. Rather,
they moved for a continuance because discovery was in its early stages. (3) At a hearing on
November 1, 1993, the trial court denied the Plaintiffs' continuance motion. The trial court later
granted Defendants' summary judgment motion and rendered a take-nothing judgment in their
favor. In three points of error, Plaintiffs contend on appeal that the trial court erred in granting
the summary judgment because: (1) material fact issues exist regarding the discovery rule and
fraudulent concealment; (2) the trial court improperly relied on Plaintiffs' failure to file a response
to the summary judgment motion; and (3) the trial court abused its discretion in denying their
motion for continuance.




DISCUSSION


 We review the summary judgment under the well-established standards expressed
in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When, as
here, the district court does not indicate a particular ground for granting the summary judgment,
we must uphold the judgment on appeal if it is proper on any ground asserted in the motion. 
Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989); Tankersley v. Durish, 855
S.W.2d 241, 247 (Tex. App.Austin 1993, writ denied). Defendants who move for summary
judgment based upon the affirmative defense of limitations bear the burden of pleading and
conclusively establishing that defense. Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517
(Tex. 1988).


A. Statutes of Limitations

 Plaintiffs' malicious prosecution claim is controlled by the one-year statute of
limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (West 1986). The remainder of
Plaintiffs' personal injury and property claims are governed by a two-year limitations period. See
Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 1986) ("A person must bring suit for
trespass for injury to the estate or to the property of another, conversion of personal property,
taking or detaining the personal property of another, personal injury, forcible entry and detainer,
and forcible detainer not later than two years after the day the cause of action accrues."); see also
Vale v. Ryan, 809 S.W.2d 324, 325 (Tex. App.Austin 1991, no writ) (false arrest and false
imprisonment); Stevenson v. Koutzarov, 795 S.W.2d 313, 318-19 (Tex. App.Houston [1st Dist.]
1990, writ denied) (civil conspiracy, invasion of privacy, and intentional infliction of emotional
distress); Arquette v. Hancock, 656 S.W.2d 627, 629 (Tex. App.San Antonio 1983, writ ref'd
n.r.e.) (conversion of personal property); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414-15 (9th
Cir. 1985) (abuse of process).

 Plaintiffs' malicious prosecution claims accrued upon the termination of the
criminal prosecutions. See McHenry v. Tom Thumb Page Drug Stores, 696 S.W.2d 664, 666
(Tex. App.Dallas 1985, writ dism'd). Plaintiffs' other personal injury and property claims
accrued when the wrongful acts caused an injury, regardless of when Plaintiffs learned of such
injuries. See Moreno v. Sterling Drug Inc., 787 S.W.2d 348, 351 (Tex. 1990); Seibert v. General
Motors Corp., 853 S.W.2d 773, 776 (Tex. App.Houston [14th Dist.] 1993, no writ).

 Defendants' summary-judgment evidence proved that Garcia's criminal prosecution
terminated with his acquittal on August 14, 1990. Patrick's criminal prosecution terminated when
the criminal indictment against him was dismissed on April 29, 1991. Plaintiffs' own pleadings
allege they were innocent of these criminal charges. Hence, Plaintiffs knew of all of their
injuries, at the latest, when their criminal prosecutions ceased. (4) Plaintiffs delayed filing suit,
however, until August 9, 1993, well in excess of two years after their respective criminal
prosecutions had terminated. Consequently, Defendants satisfied their initial burden of
demonstrating conclusively that Plaintiffs' claims are barred by the applicable statutes of
limitations. Nonetheless, Plaintiffs contend in their third point of error that the trial court erred
in granting summary judgment because either the discovery rule or fraudulent concealment tolled
limitations. We conclude that neither doctrine applies in the circumstances of the present case.


B. Discovery Rule

 Plaintiffs allege that the discovery rule applies to their claims because they were
unaware of the facts forming the basis of their claims until December 18, 1992, when William
Lonnie Hood was convicted of perjury in connection with another case. We disagree.

 The discovery rule is an exception to the general rule of accrual. Moreno, 787
S.W.2d at 351. When applicable, the discovery rule provides that the limitations period runs from
the date the plaintiff discovered or, in the exercise of reasonable care and diligence, should have
discovered the nature of his injury. Id.; Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d 692, 699
(Tex. App.Austin 1993, writ denied). The supreme court recently described the two-pronged
test to determine the applicability of the discovery rule in Computer Associates International, Inc.
v. Altai, Inc., 38 Tex. Sup. Ct. J. 740 (June 8, 1995). The first inquiry is whether the nature of
the injury is inherently undiscoverable. Id. at 741. "The second requirement for application of
the discovery rule is where the tortious conduct and injury are objectively verifiable by physical
evidence." Id. at 742. This requirement assures the policy underpinnings of statutes of
limitations are met, because the possibility of stale or fraudulent claims is small. Id.

 Plaintiffs' tort claims stemming from wrongful criminal prosecution satisfy neither
prong of the test. The nature of Plaintiffs' injuries is not inherently undiscoverable. Plaintiffs'
pleadings assert that they were innocent of all criminal charges against them. Thus, by their own
admission, Plaintiffs knew of their alleged injuries when they were falsely arrested, detained, and
prosecuted. Plaintiffs' assertion that they did not know of all the facts surrounding their injuries
until Hood's perjury conviction does not trigger the discovery rule. A party's ignorance of
material facts or lack of knowledge does not generally prevent limitations from running. Snyder,
860 S.W.2d at 699. Furthermore, there is no objectively verifiable physical evidence involved
in this case that would satisfy the second prong of Computer Associates. See 38 Tex. Sup. Ct.
J. at 742 (describing necessity of objectively verifiable physical evidence, such as the sponge left
in the body in Gaddis v. Smith, 417 S.W.2d 577, 580 (Tex. 1967), before discovery rule applies). 
Following Computer Associates, we hold as a matter of law that Plaintiffs' claims do not fall into
the rare class of cases where the discovery rule applies. (5)


B. Fraudulent Concealment

 Plaintiffs also allege that the doctrine of fraudulent concealment tolls the running
of limitations. Plaintiffs contend that Defendants knew of Hood's misconduct but concealed the
facts that formed the basis of their lawsuit. Consequently, Plaintiffs conclude that Defendants
should be estopped from relying on the limitations defense. Again, we disagree.

 Fraudulent concealment is an equitable doctrine that, when properly invoked, estops
a defendant from relying on limitations as an affirmative defense. Borderlon v. Peck, 661 S.W.2d
907, 908 (Tex. 1983); Thames v. Dennison, 821 S.W.2d 380, 384 (Tex. App.Austin 1991, writ
denied). 


Where a defendant is under a duty to make disclosure but fraudulently conceals the
existence of a cause of action from the party to whom it belongs, the defendant is
estopped from relying on the defense of limitations until the party learns of the
right of action or should have learned thereof through the exercise of reasonable
diligence. 


Borderlon, 661 S.W.2d at 908 (emphasis added); see Computer Assocs., 38 Tex. Sup. Ct. J. at
741; Nichols v. Smith, 507 S.W.2d 518, 519 (Tex. 1974). The doctrine of fraudulent concealment
is therefore limited to those situations in which the defendant has a duty of disclosure. Because
of this requirement, the cases where fraudulent concealment applies are rare, such as those
involving doctor-patient, attorney-client, or fiduciary relationships. See Borderlon, 661 S.W.2d
at 908 (doctor-patient); Willis v. Maverick, 760 S.W.2d 642, 645 (Tex. 1988) (attorney-client);
Seibert, 853 S.W.2d at 778 (fiduciary).

 The issue of whether a duty of disclosure exists is a question of law for the court. 
Seibert, 853 S.W.2d at 778; see Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525
(Tex. 1990). Plaintiffs allege that Defendants had an affirmative duty to "come clean" and
disclose the wrongs allegedly committed by them. However, Plaintiffs have failed to cite any
authority for their proposition that a sheriff's department has a duty to disclose to the accused the
facts surrounding any prosecution, even a wrongful one. Likewise, we are unable to find a
situation on similar facts where such a duty has been imposed. The relationship between Plaintiffs
and Defendants is quite different from those relationships where fraudulent concealment applies. 
There is no special relationship of trust and confidence as in a doctor-patient, attorney-client, or
fiduciary context. In fact, the adversarial relationship between one accused of a criminal offense
and those seeking to prosecute him is the antithesis of a confidential relationship. We hold, as
a matter of law, that Defendants had no duty of disclosure in this case, and therefore the doctrine
of fraudulent concealment is inapplicable.

 Defendants pleaded and proved that Plaintiffs failed to bring suit within the
applicable limitations periods. Because neither the discovery rule nor fraudulent concealment
applies, the trial court did not err in granting summary judgment based on limitations. We
overrule points of error two (6) and three.


C. Continuance

 Plaintiffs' first point of error asserts that the trial court abused its discretion when
it denied Plaintiffs' motion for continuance. They contend that because the case had been on file
for only three months and discovery was in its early stages, the trial court should have granted
their motion. Plaintiffs rely on Levinthal v. Kelsey-Seybold Clinic, 902 S.W.2d 508 (Tex.
App.Houston [1st Dist.] 1994, no writ), where the court reversed a summary judgment granted
in favor of defendant Kelsey-Seybold on the grounds that the trial court abused its discretion by
ruling on the clinic's motion for summary judgment before plaintiff Levinthal had the opportunity
to complete discovery. The Levinthal court identified three relevant factors in its decision: the
length of time the case had been on file (less than three months); the materiality of the discovery
sought (the relationship between the clinic and an insurer in a restraint-of-trade case); and due
diligence of counsel (discovery requests served at same time as filing of original petition). Id. at
510-12.

 Of these factors, only the three-month time frame is comparable to the present case. 
Plaintiffs claim the discovery was material because it would yield evidence to support the
applicability of the discovery rule and fraudulent concealment. However, because as a matter of
law neither of these doctrines applies here, no amount of additional discovery could bolster
Plaintiffs' position. Likewise, Plaintiffs' submission of excessive interrogatories in violation of
the Texas Rules of Civil Procedure, duplicative sets of discovery, and voluntary withdrawal of
the initial requests do not mirror the diligence that the plaintiff exercised in Levinthal. We
conclude that the trial court did not abuse its discretion in denying Plaintiffs' motion for
continuance. Point of error one is overruled.


CONCLUSION


 Defendants properly pleaded and proved that Plaintiffs' claims were barred by the
statutes of limitations. While Plaintiffs raised the discovery rule and fraudulent concealment in
an attempt to defeat the affirmative defense of limitations, as a matter of law these doctrines do
not apply. Therefore, the trial court did not err in granting summary judgment for the Defendants
on limitations grounds. Having overruled all points of error, we affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 16, 1995

Publish 

1.   Other defendants included County Commissioners Johnny Hughes, Russell Noletubby,
and Melvin Foster, County Judge Robert Browne, the Office of the District Attorney, and
Sterling County. Plaintiffs also named police informant William Lonnie Hood as a defendant
in the lawsuit. However, Hood's whereabouts were unknown, and service of process was
never completed on him. 
2.   Defendants also moved for summary judgment on the basis that there are no private
causes of action for damages under the Texas Constitution. In City of Beaumont v. Bouillion,
896 S.W.2d 143, 149 (Tex. 1995), the supreme court held that no implied private right of
action for damages exists under the Texas Constitution for alleged violations of speech and
assembly rights. The rationale and holding in Bouillion appear to apply to the other provisions
of the Texas Constitution that form the bases of the state constitutional tort claims in Plaintiffs'
lawsuit. However, because Plaintiffs state some common-law tort claims, and because the
limitations issue is dispositive of all Plaintiffs' claims regardless of their origin, we restrict our
discussion to the limitations issue.
3.   Plaintiffs submitted their first set of interrogatories on September 29, 1993. This set
contained well in excess of the maximum thirty questions, including subparts, that are
permitted by the Rules of Civil Procedure. See Tex. R. Civ. P. 168(5). Plaintiffs then
submitted a second set of interrogatories and a request for production on October 13, 1993. 
Likewise, this second set of interrogatories exceeded the thirty-question limit. Following the
second request, Plaintiffs entered into a voluntary Rule 11 agreement withdrawing the first set
of interrogatories. At the time of the November 1, 1993 summary-judgment hearing,
therefore, Defendants had not responded to the discovery requests since their response was not
due until mid-November.
4.   Plaintiffs, of course, knew of many of their alleged injuries well before the termination
of the criminal prosecutions. For example, they knew of their injury from false arrest at the
time of arrest. For simplicity, we analyze the limitations issue using the latest possible date.
5.   Rather than presenting an appropriate case for application of the discovery rule,
Plaintiffs' situation reaffirms the purpose of statutes of limitation: to assert a claim while the
evidence is fresh in the minds of parties and witnesses. In this case, a vital player, police
informant Hood, is missing, and his whereabouts are unknown.
6.   Plaintiffs' second point of error alleges the trial court erred because it based summary
judgment on Plaintiffs' failure to file a response to the summary-judgment motion, rather than
on Defendants' motion and summary-judgment evidence. Specifically, Plaintiffs argue that
Defendants did not present any evidence defeating the discovery rule or fraudulent
concealment. However, Defendants were only required to present evidence negating the
discovery rule if it applied to Plaintiffs' claims. Snyder, 860 S.W.2d at 699. Because the
discovery rule does not apply, Defendants had no affirmative burden to defeat its application. 
Likewise, Defendants were under no burden to negate the doctrine of fraudulent concealment. 
Fraudulent concealment is an affirmative defense to the affirmative defense of limitations, and
as such, the burden was on Plaintiffs to come forward with summary-judgment proof. See
Bayou Bend Towers Council v. Manhattan Constr. Co., 866 S.W.2d 740, 746 (Tex.
App.Houston [14th Dist.] 1993, writ denied); Seibert, 853 S.W.2d at 778; Thames, 821
S.W.2d at 384.