Janis HONEA, Appellant,

v.

MORGAN DRIVE AWAY,
INC., Appellee.

No. 11–98–00125–CV.

Court of Appeals of Texas,
Eastland.

June 24, 1999.

William Walsh, Bowie, for appellant.

D. Randall Montgomery, Jacqueline S. Kelley, Strasburger & Price, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Janis Honea appeals the trial court's summary judgment in favor of Morgan Drive Away, Inc. (Morgan). Because we hold that the discovery rule did not apply to toll the statute of limitations, we affirm.

### Background Facts

A truck driven by one of Morgan's employees collided with Honea's car on October 3, 1995. On October 20, 1997, Honea filed suit against Morgan. Morgan filed a general denial and pleaded limitations as an affirmative defense. Morgan then moved for summary judgment based on its limitations defense. Honea filed a response in which she invoked the discovery rule, stating that she did not discover her injuries until December 1, 1995. She later filed an amended petition pleading the discovery rule. The trial court granted Morgan's motion for summary judgment.

### Issues on Appeal

Honea raises four issues on appeal, arguing that the trial court erred: (1) in allowing Morgan to untimely file its "Brief in Support of its Motion for Summary Judgment (brief)"; (2) in allowing Morgan to untimely file new evidence; (3) in granting summary judgment for Morgan because the discovery rule applied to toll the statute of limitations; and (4) in granting summary judgment for Morgan because Morgan failed to establish its limitations defense as a matter of law. Morgan responds that: (1) the discovery rule is inapplicable to this type of case and (2) Honea did not timely plead the discovery rule.

### Standard of Review

The trial court should grant a motion for summary judgment if the moving party establishes that: (1) no genuine issue of material fact exists and (2) the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). A trial court properly grants summary judgment in favor of a defendant if the defendant establishes all elements of an affirmative defense. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997).

When reviewing a summary judgment, we must take as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell,* supra at 425; *Nixon v. Mr. Property Management*

*Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing a summary judgment based on the pleadings, we must assume that all the allegations and facts in the non-movant's pleadings are true. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

### Defense of Limitations

▪ Actions on personal injuries are barred by limitations unless they are filed within two years of the date on which the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986 & Supp.1999). To prevail on the affirmative defense of limitations, Morgan must prove that Honea filed her petition outside the two-year period. Unless the discovery rule applies, Morgan proved limitations by demonstrating that Honea filed her suit more than two years after the accident occurred.

▪ TEX.R.CIV.P. 94 provides in relevant part:

In pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance.

Therefore, when Morgan asserted the limitations defense, it was incumbent on Honea to plead the discovery rule; it is a plea in confession and avoidance. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988). If timely raised by pleadings, the party seeking to benefit from the discovery rule normally has the burden of proving and securing favorable findings; however, this burden shifts to the movant who relies on limitations in a summary judgment motion. The movant asserting limitations must establish its applicability and also negate the discovery rule. *Woods v. William M. Mercer, Inc.*, supra at 518, n. 2. The initial question here, however, is whether Honea timely pleaded the discovery rule.

### Timeliness of Filings

Honea's first two issues complain that the trial court erred in allowing Morgan to file its brief and new evidence because they were untimely filed. Because the brief was filed in reply to Honea's assertion of the discovery rule for the first time in her response, we must first examine whether Honea timely raised the discovery rule.

▪ A party can amend its pleadings any time, but the trial court must grant leave to file an amended pleading "within seven days of the date of trial." TEX. R.CIV.P. 63. A summary judgment hearing is a "trial" for purposes of Rule 63. *Goswami v. Metropolitan Savings & Loan Association*, 751 S.W.2d 487, 490 (Tex. 1988); see *Sosa v. Central Power & Light*, 909 S.W.2d 893 (Tex.1995). Unless the record reflects that the trial court denied leave, we presume that the amended pleading was before the court when it rendered judgment. *Goswami v. Metropolitan Savings & Loan Association*, supra.

▪ Honea's original petition did not plead the discovery rule, although her response to Morgan's motion for summary judgment argued for application of the rule. Honea timely filed her response more than seven days prior to the summary judgment hearing. See Rule 166a(c). On the day of the summary judgment hearing, she filed her amended petition asserting the discovery rule. Honea needed the trial court's permission to file the amended petition. Rule 63. The order granting summary judgment states that the trial court considered "the pleadings and summary judgment evidence timely filed in this matter." Thus, it appears that the trial court denied Honea leave to file her amended petition.

Honea's amended petition was not timely filed, and the record indicates that the trial court did not consider it. Thus, Honea did not properly raise the discovery rule, and Morgan's motion for summary judgment did not need to defeat its application. See *In re Estate of Matejek*, 960 S.W.2d 650, 651 (Tex.1997); see also *Woods v. William M. Mercer, Inc.*, supra.

Two days prior to the summary judgment hearing, however, Morgan filed its brief in reply to Honea's response. The brief contains Morgan's legal arguments on limitations and against applicability of the discovery rule. Because the trial court limited its consideration to "the pleadings ... timely filed in this matter," there was no necessity for the trial court to consider the brief. Even if the trial court had accepted Honea's amended petition, Rule 166a(c) does not specify when the movant's reply to the respondent's response must be filed. It was within the trial court's discretion to allow the brief to be filed two days before the hearing. See *Wright v. Lewis*, 777 S.W.2d 520, 522 (Tex.App.—Corpus Christi 1989, writ den'd).

■ Honea's second issue complains that the trial court erred "when it admitted new evidence ... in the form of [Morgan's brief]." A trial court has the discretion to accept late-filed summary judgment evidence. *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex.App.—Dallas 1995, writ den'd); *Farmer v. Ben E. Keith Company*, 919 S.W.2d 171, 176 (Tex. App.—Fort Worth 1996, no writ). A trial court may consider a brief in support of a motion for summary judgment as guidance in making its determination whether the summary judgment evidence shows that a movant is entitled to judgment as a matter of law, but a trial court may not consider a brief in determining whether summary judgment grounds are expressly presented. See *McConnell v. Southside Independent School District*, 858 S.W.2d 337 (Tex. 1993). The brief did not constitute summary judgment evidence, and there is no indication in the record that the trial court considered it as evidence.

We overrule Honea's first two issues.

### *Applicability of Discovery Rule*

■ Honea argues in her third issue that the trial court should have applied the discovery rule to this case. Because it is

not entirely clear that the trial court denied Honea leave to file her amended petition, we will address this issue.

■ The discovery rule applies to toll the statute of limitations in cases "in which the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex.1996).[1] The Texas Supreme Court has considered the meaning of "inherently undiscoverable" in several cases; and, in each of those cases, the "wrong and [the] injury were unknown to the plaintiff because of their very nature and not because of any fault of the plaintiff." See *S.V. v. R.V.*, supra at 7, and cases cited therein. The court explained in *S.V.* that:

> To be "inherently undiscoverable," an injury need not be absolutely impossible to discover, else suit would never be filed and the question whether to apply the discovery rule would never arise. *Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations;* discovery of a particular injury is dependent not solely on the nature of the injury but on the circumstances in which it occurred and plaintiff's diligence as well. *An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence.* (Emphasis added.)

*S.V. v. R.V.*, supra at 7.

Intermediate courts of appeals have refused to apply the discovery rule to cases involving automobile collisions. See *Stewart v. Stanley Bryan Oldsmobile–Buick–Pontiac–GMC, Inc.*, 883 S.W.2d 273 (Tex. App.—Corpus Christi 1994, writ den'd); *Seibert v. General Motors Corporation*, 853 S.W.2d 773 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Riojas v. Phillips Properties, Inc.*, 828 S.W.2d 18 (Tex.

---

1. The fact of the resulting injury must also be "objectively verified," but that requirement is  not an issue here. *S.V. v. R.V.*, supra.

App.—Corpus Christi 1991, writ den'd). In the present case, Honea was injured in an automobile collision on October 3, 1995. She saw a doctor on December 1, 1995, shortly after she began experiencing bodily pain. The doctor diagnosed her injuries, and she connected those injuries to the collision. Honea did not file suit until October 20, 1997. This case is analogous to *Stewart* in which the plaintiff discovered "an additional injury not known to her at the time it occurred." The *Stewart* court held that the discovery rule was inapplicable because:

> The collision was sudden and dramatic; [the plaintiff] knew the instant it occurred. [The plaintiff] knew she had been injured in the collision immediately, although she did not determine the full extent of her injuries until much later. The injury causing event was not hidden from her. [The plaintiff's] cause of action accrued at the time of the collision, regardless of when she discovered the nature and extent of her injuries.

*Stewart v. Stanley Bryan Oldsmobile–Buick–Pontiac–GMC, Inc.*, supra at 275.

The refusal to recognize the discovery rule in automobile collision cases has been extended to the cause of the injury. In *Seibert*, the plaintiff discovered 14 years after the collision that the design of a lap seatbelt could have caused his injury. The *Seibert* court noted that:

> The summary judgment evidence … shows that [the plaintiff] knew that he was injured on the date of the accident. This evidence also demonstrated that [the plaintiff] knew the identity of the vehicle's manufacturer and seller. [He] had two years from the accident date to determine whether the Oldsmobile Cutlass was the cause of his injury [a snapped spine and paralysis].

*Seibert v. General Motors Corporation*, supra at 777.

Honea knew of the injury-causing event and knew of the extent of her injuries well within the two-year statute-of-limitations period applicable to her injury. Under the definition of "inherently undiscoverable" set forth in *S.V. v. R.V.*, supra, and the reasoning of *Stewart*, *Seibert*, and *Riojas*, Honea's case is not one to which the discovery rule applies to toll the statute of limitations. We overrule Honea's third issue.

### Summary Judgment Proof

Finally, Honea argues that Morgan failed to carry its burden to establish its defense of limitations as a matter of law. Honea's lawsuit was barred by limitations unless it was filed on or before October 3, 1997, and the trial court properly granted summary judgment to Morgan if its summary judgment proof established that the suit was filed later than that date. Morgan attached a copy of Honea's original petition stating that the collision occurred on October 3, 1995, and bearing the file-marked date of October 20, 1997, to its motion for summary judgment. Morgan also attached a copy of its original answer, pleading the affirmative defense of limitations. This proof conclusively establishes that Morgan was entitled to summary judgment on its limitations defense. The trial court properly granted summary judgment in favor of Morgan, and we overrule Honea's fourth issue.

### This Court's Judgment

We affirm the judgment of the trial court.