**Motion For Rehearing Overruled; Memorandum Opinion of October 30, 2014, Withdrawn; Affirmed and Substitute Memorandum Opinion filed December 30, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00968-CV

## ISAIKA JACKSON, Appellant

## V.

## SAIA MOTOR FREIGHT LINE, LLC, Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-57417-A**

## SUBSTITUTE MEMORANDUM OPINION

We overrule the motion for rehearing filed by appellant, Isaika Jackson. We withdraw our memorandum opinion issued in this case on October 30, 2014, and we issue this substitute memorandum opinion in its place.

Isaika Jackson appeals from the trial court's order granting summary judgment in favor of Saia Motor Freight Line, LLC on limitations grounds in

Jackson's personal injury action.  We affirm.

**BACKGROUND**

Jackson filed her original petition in Harris County district court on October 1, 2012, in which she asserted claims against Saia, Palletized Trucking, Inc., and an "unknown driver."

Jackson asserted negligence claims against all three defendants, along with claims based on respondeat superior against Saia and Palletized Trucking, in connection with an accident that occurred on October 17, 2010.  She alleged that she was driving southbound on Interstate 45 in Houston "when an 18-wheeler with a SAIA logo on the side came into her lane, striking her vehicle and causing it to skid and roll multiple times."  According to Jackson's original petition, she was "ejected from the driver's seat, where she had been wearing her seatbelt, and suffered significant damage to both her vehicle and her person."  She further alleged upon information and belief that "the SAIA logo truck was being operated by an unknown driver employed by either Defendant SAIA MOTOR FREIGHT LINE, LLC or Defendant PALLETIZED TRUCKING, INC."  Jackson's original petition recites that Saia "is a Louisiana corporation doing business in Harris County, Texas and may be served with process by serving their registered agent CT Corporation system at 350 N. St. Paul St., Ste 2900, Dallas, Texas 75201."

Jackson filed a Civil Process Request on October 12, 2012.  She asked that citation be issued for service on Saia through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.  She also requested that citation be issued for service on Palletized Trucking through its registered agent Rex King at 2001 Collingsworth Street, Houston, Texas 77009.  A Civil Process Pick-Up Form indicates that both citations were picked up on October 16, 2012; Palletized Trucking was served on the same day that the

2

citations were picked up.

Saia was served on June 7, 2013, by certified mail addressed to Saia's registered agent, CT Corporation System, at the Dallas street address recited in the original petition and shown on the Civil Process Request. Saia filed its original answer on June 14, 2013, in which it asserted a general denial and several affirmative defenses including the statute of limitations. Saia alleged that Jackson's claims against it were time-barred because she "failed to use due diligence in serving [Saia] . . . with her lawsuit, which was served on [Saia] . . . more than two years after the incident that forms the basis of [Jackson's] . . . causes of action against [Saia] . . . ."

Saia filed a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(b) on July 22, 2013. Saia sought summary judgment on grounds that Jackson "failed to serve process on Saia within the limitations period and failed [to] use reasonable diligence in serving Saia, which was not served until more than eight months after [Jackson] . . . filed suit and nearly eight months after the two-year period of limitations had elapsed." Saia's supporting evidence consisted of certified copies of the original petition, Civil Process Request, Civil Process Pick-Up Form, citation on Palletized Trucking, citation on Saia, and Saia's original answer.

Jackson filed an amended petition on August 7, 2013, in which she asserted that the discovery rule applied because Jackson was in a coma for eight months after the collision and was "unaware of her potential cause of action until she roused from her coma in April . . . 2011." Jackson alleged that her injury was "inherently undiscoverable and objectively verifiable, and the cause of action, therefore, did not accrue until she became aware of it."

Jackson also filed a summary judgment response on August 7, 2013, to

3

which she attached her affidavit and excerpts from her deposition. Jackson's summary judgment response asserted that the discovery rule applied to defer accrual of her causes of action until she regained the ability to speak in June 2011. She argued that "[a]pplication of the discovery rule in this case is reasonable because Ms. Jackson was both unaware of an injury at the time of its occurrence and in need of time to recover before beginning an investigation." Jackson stated as follows in her affidavit: "I was in a coma for several months and first became aware of my surroundings in April . . . 2011. Though I was aware of what was happening around me, I was unable to speak until sometime in mid-June . . . 2011."

Saia filed an amended motion for traditional summary judgment on August 30, 2013, in which it again asserted that Jackson's claims against it are time-barred. Saia contended that Jackson failed to use reasonable diligence in serving Saia, and that "the discovery rule does not apply to this case because the alleged tortious act and her injury were not inherently undiscoverable." Saia included the same summary judgment exhibits it had relied upon for its prior motion; Saia also included a certified copy of Jackson's amended petition, excerpts from Jackson's deposition, and a letter of representation from Jackson's counsel to Saia dated August 20, 2012. The representation letter is addressed to Saia at a Georgia street address and is directed "To Whom It May Concern." The letter states: "Please be advised that Isaika Jackson has retained The Dunk Law Firm, PLLC, to represent her in a claim for personal injury caused by one of your drivers on the above-referenced date." The letter's reference line states: "Motor Vehicle Accident on October 17, 2010."

Jackson filed a response to Saia's amended summary judgment motion on September 20, 2013, in which she again asserted that the discovery rule deferred

4

accrual of her claims until June 2011. Jackson contended that she "suffered a traumatic brain injury, leaving her incapacitated and unable to communicate in any way until June 15, 2011. She did not lack diligence – the nature of a traumatic brain injury is such that it can render the injured person unaware of their injury until the period of limitations has run." In support of her second response, Jackson attached the same affidavit previously proffered to support her August 7, 2013 summary judgment response; the entirety of her deposition taken on February 28, 2013; and approximately 40 pages of medical records.

The trial court signed an order on September 27, 2013, in which it granted Saia's amended motion for summary judgment. The summary judgment order became final and appealable on October 16, 2013, when the trial court granted Saia's unopposed motion for severance. Jackson timely filed her notice of appeal on October 23, 2013.

## STANDARD OF REVIEW

A traditional summary judgment is proper under Texas Rule of Civil Procedure 166a(c) when the movant establishes the absence of any genuine issue of material fact such that the movant is entitled to judgment as a matter of law. *See, e.g., Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). We review the trial court's grant of summary judgment *de novo*, applying the same standard that the trial court applied in the first instance. *See, e.g., Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In so doing, we examine the record in the light most favorable to the non-movant by indulging every reasonable inference in the non-movant's favor and resolving any doubts against the grant of summary judgment. *City of Wilson v. Keller*, 168 S.W.3d 802, 825 (Tex. 2005). A defendant who seeks traditional summary judgment on a limitations defense must establish when the plaintiff's causes of action accrued, and must negate the

5

discovery rule when (as here) it has been pleaded. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n.2 (Tex. 1988).

**ANALYSIS**

Jackson contends in a single issue on appeal that the trial court erred in granting Saia's traditional motion for summary judgment on limitations.

The accident occurred on October 17, 2010. Jackson filed her suit against Saia on October 1, 2012. Jackson effected service on Saia on June 7, 2013. To determine whether the limitations bar forecloses Jackson's claim against Saia based on this chronology, we examine (1) when her claim accrued; and (2) whether she exercised reasonable diligence in obtaining issuance and service of citation after filing suit.

## I.    Accrual

A two-year statute of limitations applies to Jackson's claims predicated on her personal injury. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2014). The plaintiff must bring suit "not later than two years after the day the cause of action accrues." *Id.*

"[A] cause of action can generally be said to accrue when the wrongful act effects an injury, regardless of when the plaintiff learned of such injury." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (citing *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977)). Accrual occurs when the wrongful act causes legal injury "even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994), and *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438, 440 (1940)).

In some circumstances, "an action does not accrue until the plaintiff knew or

6

in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Id*. (citing *Trinity River Auth.*, 889 S.W.2d at 262). Deferral of the accrual date in this context is referred to as the "discovery rule." *Id*.

The discovery rule applies when "'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id*. at 6 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V.*, 933 S.W.2d at 7. The discovery rule, which addresses when a limitations period begins to run, is distinct from the statutory provision that tolls the running of a limitations period based on a legal disability. *See* Tex. Civ. Prac. & Rem. Code § 16.001 (Vernon 2002). Jackson has not sought disability-based tolling.

According to Jackson, the discovery rule applied to defer accrual of her personal injury claim because she "was both unaware of an injury at the time of its occurrence and in need to time to recover before beginning an investigation." She points to June 15, 2011, as the date on which she first knew or reasonably should have known of her injury.

Contrary to Jackson's contention in the trial court, this case does not involve an injury that "render[ed] the injured person unaware of [her] . . . injury until the period of limitations has run." We express no view about the discovery rule's application in those circumstances because they are not present here.

Instead, we look to Jackson's testimony, which establishes that her injury was not "by [its] nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V.*, 933 S.W.2d at 7.[1] This conclusion comports

---

[1] Jackson raises no contention that application of a two-year limitations period creates an "open courts" constitutional violation under the circumstances presented here. *Cf. Seibert v.*

7

with cases addressing application of the discovery rule in circumstances involving vehicle collisions.

Jackson testified from memory about her accident during her February 2013 deposition. She answered "No" to a question asking whether there is "anything affecting your ability today to testify . . . either affecting your memory or affecting your ability to understand what we're talking about." Jackson described how the collision occurred on October 17, 2010, when the trailer portion of an 18-wheel tractor-trailer entered her lane as she was driving along side of it; the end of the trailer hit the front right side of her Chevy Tahoe, causing it to flip and roll over. She was conscious as the Tahoe flipped, and was ejected from her vehicle as it rolled. Application of the discovery rule is not warranted when, as here, "[t]he injury causing event was not hidden from [the plaintiff]." *Stewart v. Stanley Bryan Oldsmobile-Buick-Pontiac-GMC, Inc.*, 883 S.W.2d 273, 275 (Tex. App.—Corpus Christi 1994, writ denied); *see also Honea v. Morgan Drive Away, Inc.*, 997 S.W.2d 705, 709 (Tex. App.—Eastland 1999, no pet.); *Seibert v. Gen. Motors Corp.*, 853 S.W.2d 773, 776 (Tex. App.—Houston [14th Dist.] 1993, no writ). It follows that Jackson's cause of action "accrued at the time of the collision, regardless of when she discovered the nature and extent of her injuries." *See Stewart*, 883 S.W.2d at 274.

## II. Reasonable Diligence in Effecting Service

Jackson filed suit on October 1, 2012 – within the two-year limitations period as measured from the date of the accident. The timely filing of a suit, standing alone, does not interrupt the running of the statute of limitations; a

---

*Gen. Motors Corp.*, 853 S.W.2d 773, 780 (Tex. App.—Houston [14th Dist.] 1993, no writ) (rejecting open courts challenge to application of two-year statute of limitations in automobile collision case because open courts provision "has no effect on the limitations period when the plaintiff discovers his injury and there is still a reasonable time to sue").

plaintiff also must exercise reasonable diligence in obtaining issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam); *see also Webster v. Thomas*, 5 S.W.3d 287, 289 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990), *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970), *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex. App.—Houston [1st Dist.] 1992, no writ), and *Hamilton v. Godson*, 578 S.W.2d 448, 449 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ)). "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx*, 235 S.W.3d at 215 (citing *Gant*, 786 S.W.2d at 260).

Jackson effected service on Saia on June 7, 2013 — after the limitations period expired — by certified mail sent to the same address for Saia's registered agent that had been included in Jackson's original petition and in her Civil Process Request. The trial court record and Jackson's appellate briefing do not explain the eight-month delay in effecting service, and they do not describe efforts to serve Saia during those eight months.

Summary judgment is appropriate under these circumstances. "The existence of diligence is normally a question of fact, but if no excuse is offered for a delay in the service of the citation, 'or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law.'" *Webster*, 5 S.W.3d at 289 (quoting *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ)). We conclude that lack of diligence is established on this record as a matter of law. *See Webster*, 5 S.W.3d at 290 ("[W]e are comfortable holding, as a matter of law, that a four month and ten day delay amounts to a lack of diligence, if coupled with no efforts or insufficient efforts to procure citation and service.").

## CONCLUSION

We affirm the trial court's summary judgment.

/s/ William J. Boyce
   Justice

Panel consists of Justices Boyce, Busby, and Wise.