**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 11, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20110

JEFFREY W.  BRIDGES,

Plaintiff - Appellant,

versus

METABOLIFE INTERNATIONAL, INC; ET AL,

Defendants,

METABOLIFE INTERNATIONAL, INC.,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(03-CV-3847)

Before JONES, SMITH, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

    This is an appeal from the district court's dismissal of Jeffrey Bridges's (Bridges) personal

injury claim against Metabolife International, Inc (Metabolife).  Bridges maintains that he was injured

as a result of ingesting Metabolife's dietary supplement and that Metabolife fraudulently concealed

its knowledge of the potential harm caused by its product.  Bridges challenges the district court

dismissal of his claim, with prejudice, as untimely.  Finding no error on the part of the district court,

---

    [*] Pursuant to 5TH CIR. R. 47.5, t he court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Jeffrey Bridges ingested Metabolife 356 for several months prior to September 14, 1999. Metabolife 356 is a dietary supplement containing ephedra and caffeine marketed by Metabolife International, Inc. On September 14, 1999, Bridges was transported to the emergency room of Conroe Regional Medical Center, and later transferred to Memorial Hermann Hospital. In response to general intake questions, Bridges advised medical personnel at both hospitals that he was taking Metabolife 356 in addition to his other medications. Doctors eventually diagnosed Bridges as having suffered a posterior hemispheric intracerebral hemorrhage of the lobar variety, i.e. a stroke. The doctors attributed Bridges' stroke to hypertension and he was discharged. Bridges conducted no further investigation into the cause of his stroke.

Bridges argues he did not become aware of a possible connection between his stroke and Metabolife 356 until 2002, when he learned via media reports that dietary supplements containing ephedra and caffeine were linked to strokes. Upon learning that Metabolife 356 might have contributed to his stroke, Bridges contacted counsel and after an investigation, filed this personal injury suit on May 28, 2003. Metabolife responded with a general denial and a motion for summary judgment based on the two year limitations period for filing personal injury actions. The district court dismissed Bridges's suit as time barred. Bridges timely appealed.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. Evans v. City of Houston, 246 F.3d 344, 347 (5th Cir. 2001). Summary

2

judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000) (internal quotation marks and citations omitted). Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party. See Burch v. City of Nacogdoches, 174 F.3d 615, 619 (5th Cir. 1999).

DISCUSSION

The parties do not dispute that this case arises under Texas law and is therefore subject to the Texas statute of limitations for personal injury actions. Under Texas law, a personal injury action must be filed within two years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Bridges filed suit almost four years after the occurrence of the physical injury that is the impetus to this claim. In Texas, generally "a cause of action accrues and the two-year limitations period begins to run as soon as the owner suffers some injury, regardless of when the injury becomes discoverable." Computer Assoc. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 458 (Tex. 1996). Statute of limitations can be tolled in certain circumstances. Bridges argues that summary judgment based on untimeliness is inappropriate in this case because (1) the defendant fraudulently concealed the cause of action, and (2) he was unable to discover his cause of action until a possible link between his stroke and Metabolife 356 become public in 2002.

3

Metabolife counters that Bridges is precluded from asserting the fraudulent concealment defense because Metabolife did not have actual knowledge of Bridges's injury, and Metabolife did not have a duty to disclose a possible wrong because there was no fiduciary relationship. Metabolife also argues that Bridges cannot claim that his injury was inherently undiscoverable because Bridges knew of the cause of action, i.e., his stroke, and a reasonable person would have made an inquiry into the cause of their stroke.

A.     Fraudulent Concealment

Under Texas law, fraudulent concealment is an equitable doctrine that tolls the statute of limitations. A defendant who has a duty to make a disclosure cannot avoid liability by concealing wrongdoing until the statute of limitations has run. Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). Fraudulent concealment's estoppel effect "ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action. Knowledge of such facts is in law equivalent to knowledge of the cause of action." Casey v. Methodist Hosp., 907 S.W.2d 898, 904 (Tex. App. 1995). To show entitlement to the estoppel effect, the plaintiff must show: (1) the defendant had actual knowledge of the wrong, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong. Id. at 903 (quotation marks omitted). Mere concealment is insufficient to establish fraudulent concealment, the defendant must have had a duty to disclose. Seibert v. Gen. Motors Corp., 853 S.W.2d 773, 778 (Tex. App. 1993). In the absence of an agreement, a duty to disclose arises when there is a confidential or fiduciary relationship. Trs. of Northwest Laundry and Dry Cleaners Health & Welfare Trust Fund v. Burzynski, 27 F.3d 153, 157 (5th Cir. 1994). The party asserting the fraudulent concealment defense bears the burden of showing

4

that the defendant was under a duty to make a disclosure. <u>Nichols v. Smith</u>, 507 S.W.2d 518, 521 (Tex. 1974).

Here, the parties do not assert that a formal fiduciary relationship arose through contractual, or other means - i.e. as a matter of law (e.g. attorney-client). However, an informal fiduciary duty may arise from a moral, social, domestic or purely personal relationship of trust and confidence. <u>Schlumberger Tech. Corp. v. Swanson</u>, 959 S.W.2d 171, 177 (Tex. 1997). Subjective trust alone is not sufficient, as a matter of law, to transform arm's-length dealing into a fiduciary relationship. <u>Id.</u> (quotation marks and citation omitted). There must have been a fiduciary relationship "prior to, and apart from, the agreement made the basis of the suit," in order for the courts to impose an informal fiduciary relationship in a business transaction. <u>Id.</u>

Bridges presented evidence that Metabolife represented to the Food and Drug Administration in 1997 that the product was safe and the company was unaware of any adverse health events suffered by consumers who ingested their product. Metabolife also represented the same to the state of Texas in 1998. However, in 2002, pursuant to a United States Justice Department inquiry, Metabolife admitted that its previous statements were false, and it had actually received a plethora of complaints about consumers who suffered severe health effects or even death. Bridges asserts that because Metabolife voluntarily disclosed certain information to government agencies, and made representations to the public, it was under a duty to make full and accurate disclosures to the public as any information become available, citing <u>Citizens Nat'l Bank and Lender Asset Recovery, Inc. v. Allen Rae Inv., Inc.</u>[1] Bridges contends that Metabolife's failure to make full and accurate disclosures prevented him from discovering his cause of action within the limitations period.

---

[1] 2004 WL 454083, at *10 (Tex. App. March 11, 2004).

Bridges does not meet the first prong of fraudulent concealment in that he does not demonstrate that Metabolife had actual knowledge of his injury. Secondly, Bridges has failed to meet his burden of showing that Metabolife owed a fiduciary duty to him, which would have imposed on it a duty to fully and honestly disclose. Citizens Nat'l Bank is distinguishable because it dealt with the duty to disclose in relation to a fraud cause of action, whereas the duty to disclose comes up in the present case in the context of fraudulent concealment asserted as a defense in order to toll the applicable statute of limitations. Bridges also has not demonstrated that a fiduciary relationship existed prior to and apart from the transaction underlying this suit. See Schlumberger, 959 S.W.2d at 177. "Although a manufacturer is under a duty to adequately warn of the foreseeable inherent dangers attendant upon the proper and intended use of its products, the duty to warn is unrelated to the duty to disclose a cause of action." Seibert, 853 S.W.2d at 778. Without a duty to disclose, mere concealment is not fraudulent concealment for purposes of tolling the statute of limitations. Id.

B.      Discovery rule

Accrual occurs on the date the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter, even if the plaintiff is unaware of the injury. Vaught v. Showa Denko K.K., 107 F.3d 1137, 1140 (5th Cir. 1997) (quotation marks and citation omitted). However, "the discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." In The Matter of Coastal Plains, Inc., 179 F.3d 197, 214 (5th Cir. 1999) (citation omitted). The discovery rule exception is applied in those limited circumstances where the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable. Id. An injury is not inherently undiscoverably merely because a plaintiff did not discover his injury, but instead, because "it is by

6

nature unlikely to be discovered within the prescribed limitations period despite due diligence." Id. at 215. The primary factor in determining whether the discovery rule is applicable is whether the injury is objectively verifiable. Id. An injury is objectively verifiable where direct, physical evidence, which in and of itself establishes negligence, is sufficient to prove an indisputable nexus between the injury and the wrong. See S.V. v. R.V., 933 S.W.2d 1, 7 (Tex. 1996).

Because Bridges alleged the discovery rule in his complaint, Metabolife, in its summary judgment motion, had the burden to negate the application of the discovery rule. See Wheeler v. Methodist Hosp., 95 S.W.3d 628, 637 (Tex. App. 2002). Metabolife argues that because Bridges knew of his stroke in September 1999 and undertook no due diligence to determine its cause, Bridges should be precluded from successfully using the discovery rule exception. Also because Bridges knew he had a stroke, his injury was inherently discoverable. Furthermore, Metabolife contends that Bridges has offered no direct, physical evidence that demonstrates that the cause of his stroke was the Metabolife 356 supplements he ingested. Hence, Bridges' action is not objectively verifiable.

Bridges counters that Metabolife does not carry its burden by simply asserting that his knowledge of his stroke in 1999, alone, is enough to negate the discovery rule. Bridges maintains that there was no way for him to know that the injury was linked to an external factor, instead of a natural illness. Moreover, Bridges argues that his medical records, in that they indicate he suffered a stroke, are objectively verifiable evidence of the injury.

Bridges' attempt to apply the discovery rule here fails because his injury is not objectively verifiable. Although his medical records demonstrate that Bridges did indeed suffer a stroke, he has presented no direct, physical evidence which demonstrates an indisputable nexus between the stroke

7

and Metabolife 356. Because Bridges' injury is not objectively verifiable, the discovery rule exception

is not applicable to toll the statute of limitations for Bridges' personal injury action.

## CONCLUSION

For the foregoing reasons, the district court's decision to grant summary judgment for

Metabolife is AFFIRMED.

AFFIRMED.