# United States Court of Appeals for the Fifth Circuit

————————

No. 25-40196

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2026

Lyle W. Cayce
Clerk

Mickey Hadnot,

*Plaintiff—Appellant*,

*versus*

Lufkin Independent School District; Lynn Torres; Jay Jost; David Rodriguez; Tamesha Forrest; Gilberto Tinajero,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:24-CV-220

———————————————————————

Before King, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

In 2019, Plaintiff-Appellant Mickey Hadnot applied for a position as a police officer with the Lufkin Independent School District (LISD). LISD hired two officers but not Hadnot. In 2023, he sued LISD and LISD employees involved in the hiring decision, asserting claims under 42 U.S.C. § 1983 for First Amendment retaliation, Fourteenth Amendment due

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

process and equal protection violations, conspiracy to violate his constitutional rights, and a bill of attainder under Article I of the Constitution. The district court dismissed his claims as time-barred. We AFFIRM.

I

In 2015, Hadnot filed a grievance against LISD, alleging that his son and other black student athletes experienced racial discrimination on their high school baseball team. Four years later in June 2019, Hadnot, a career law enforcement officer with more than thirty years of experience, applied for a vacant school resource officer position with LISD. A panel of LISD employees—including Defendants Jay Jost, Tamesha Forrest, and David Rodriguez—interviewed Hadnot, but it ultimately hired two other candidates, Jeff Taylor and Gilberto Tinajero.

Hadnot filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in August 2019, asserting that LISD hired Tinajero because of his race. Hadnot largely based his EEOC charge on information obtained from a member of the interview panel, Ralph Bean, who allegedly told Hadnot that the hiring process had been "gamed" against him.

Hadnot also filed suit in Texas state court shortly after the hiring decision, alleging LISD refused to hire him because of his race in violation of the Texas Labor Code. The trial court granted summary judgment to LISD in 2023. The Texas Twelfth Court of Appeals affirmed the summary judgment in 2024, holding that the trial court properly found Hadnot did not present evidence that he was the victim of intentional race discrimination.

Meanwhile, in 2022, Hadnot filed a complaint with the Texas Commission on Law Enforcement, alleging Tinajero made false statements

concerning his employment record in his application to LISD in 2019. As a result, Tinajero was suspended from LISD in 2023.

In May 2024, Hadnot brought his claims to federal court. He alleged LISD hired Tinajero over him in retaliation for the grievance he had filed against LISD and baseball coaches employed by the district in 2015.[1] According to Hadnot, he did not learn the cause of LISD's alleged retaliatory conduct until 2023. It was then, according to Hadnot, that Taylor told him about hearing Rodriguez's statement that Hadnot had not been hired because of the 2015 grievance filing.

Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), asserting that Hadnot's claims accrued in 2019 and were therefore time-barred. The district court granted the motion, holding that Hadnot's claims were filed "well outside the limitations period and no equitable tolling principles apply."

Hadnot appeals.

## II

We review *de novo* a dismissal under Rule 12(b)(6). *Marks v. Hudson*, 933 F.3d 481, 485 (5th Cir. 2019). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

---

[1] Hadnot also named in his suit Torres, Tinajero, Forrest, Rodriguez, and Jost for their alleged roles in the retaliation. Torres, now retired, was the LISD administrator who adjudicated Hadnot's grievance in 2015; she became LISD's superintendent in 2018 and retired in 2024. Jost was LISD's police chief. Rodriguez and Forrest were LISD police officers.

No. 25-40196

We review a district court's finding that equitable tolling is unavailable as a matter of law *de novo. FDIC v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993).

### III

Hadnot raises three arguments on appeal. First, he argues the district court erred by holding his claims time-barred even though he did not discover Defendants' alleged retaliatory motive until 2023. Second, he argues the district court erred by holding equitable tolling did not apply to his claims. And third, he argues the district court erred by holding the continuing-violation doctrine did not apply to his claims. We disagree on each point and conclude that Hadnot's claims were properly dismissed as time-barred.[2]

### A

First, the district court did not err by holding that Hadnot's claims were barred by the statute of limitations.

The limitations period for a § 1983 claim is determined by the "general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, a two-year statute of limitations governs personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2005). A claim accrues and the limitation period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (quotation omitted). "[A]wareness" consists of two elements: (1) "[t]he existence of the injury," and (2) "causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*,

---

[2] Given that holding, we do not reach the merits arguments Hadnot raises.

237 F.3d at 576 (quotation omitted). But "[a] plaintiff need not know that []he has a legal cause of action; []he need know only the facts that would ultimately support a claim." *Ibid.* Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further." *Ibid.* (quotation omitted). "As a result, the limitations period begins when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025) (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016)). "More precisely, it begins the moment 'the plaintiff is or should be aware of the causal connection between his injury and the acts of the defendant.'" *Id.* at 748 (emphasis omitted) (quoting *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992)).

Hadnot argues that his claims did not accrue until 2023, when he "acquired possession of the critical facts showing that LISD's officials had blacklisted him for his prior speech." According to Hadnot, he "did not know or have reason to know that the rejection—being blacklisted—stemmed from retaliation for his 2015 grievance" because "Defendants concealed that motive." Hadnot asserts the district court erred by "conflating" the injury with the cause of action for purposes of accrual. We disagree.

Hadnot filed both an EEOC charge and a suit in state court in 2019. As the district court found, at that time he "(1) knew that LISD chose not to hire him in July of 2019, (2) knew that Defendant Torres—who was involved in the process for his 2015 Grievance—was also the Superintendent of LISD at the time this decision was made, and (3) had heard from one of the panel members (Mr. Bean) that the process had been 'gamed' against Mr. Hadnot." Put differently, Hadnot was aware, or should have been aware, of a possible causal connection between his injury and the acts of the defendants. *See Jenkins*, 151 F.4th at 748. Hadnot need not have known that

he had a legal cause of action for his claim to accrue; he "need[ed] [to] know only the facts that would ultimately support a claim." *King-White*, 803 F.3d at 762 (quotation omitted).

We disagree with Hadnot's argument that he could not have been aware of the facts giving rise to his complaint until Taylor explicitly told him of the alleged motive for Defendants' retaliation. Hadnot knew, or should have known, of his injury—his nonhiring—and of a possible causal connection to his 2015 grievance filing. Indeed, as the district court observed, the fact that Hadnot investigated the circumstances of his nonhiring in 2019 "surely proves that this information would lead a reasonable person to do so." Hadnot cannot now claim that the statute of limitations should have been tolled simply because he failed to uncover the alleged facts of his retaliation claim through reasonable efforts in 2019. *See Piotrowski*, 237 F.3d at 576. The district court therefore did not err by holding his claims were time-barred.

B

Next, the district court did not err by holding that equitable tolling principles did not apply to Hadnot's claims.

"Because the Texas statute of limitations is borrowed in § 1983 cases, Texas'[s] equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Hadnot argues two principles of equitable tolling apply here. First, Texas's fraudulent concealment doctrine "tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence." *Jenkins*, 151 F.4th at 750 (quoting *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015)). Accrual may be tolled until "a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Ibid.* (quoting *Etan Indus., Inc. v.*

*Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011)). To establish fraudulent concealment, the Plaintiff must show "(1) the defendant had actual knowledge of the wrong, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong." *Bridges v. Metabolife Int'l, Inc.*, 119 F. App'x 660, 663 (5th Cir. 2005). "[A] duty to disclose arises when there is a confidential or fiduciary relationship." *Ibid.*

Second, "[t]he discovery rule is a 'narrow exception' to the legal injury rule that 'defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action.'" *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 461 (Tex. 2023) (quoting *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022)). "[F]or the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable." *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006).

Hadnot argues both of these tolling principles should apply to his claims because the true reason for his discrimination was concealed from him until 2023. According to Hadnot, he had "no actual knowledge and no knowledge of facts that would have led to knowledge" concerning his claims. We again disagree.

The district court correctly ruled that Hadnot's claims should not have been tolled for fraudulent concealment. Hadnot does not allege that any of the defendants had a confidential or fiduciary relationship with him such that they had a duty to disclose any allegedly concealed information concerning the hiring process. *See Bridges*, 119 F. App'x at 663. This reason alone is sufficient to preclude application of the fraudulent concealment principle.

As to the discovery rule, Hadnot has not properly raised this argument on appeal. "[T]he discovery rule does not linger until a claimant learns of actual causes and possible cures" but "tolls limitations only until a claimant learns of a wrongful injury." *PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004). The discovery rule is categorical and asks whether the nature of the injury is inherently undiscoverable. *Barker*, 213 S.W.3d at 312. "This inquiry is categorical, not case-specific." *Clouse v. S. Methodist Univ.*, No. 24-10461, 2025 WL 2427755, at *4 (5th Cir. Aug. 22, 2025). Here, Hadnot has not argued that the nature of his injury was inherently undiscoverable, so he has forfeited this argument. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021).

C

Finally, the district court correctly held that the continuing violation doctrine did not toll Hadnot's claims. "[T]he continuing violation doctrine extends the limitations period when a violation manifests itself over time, rather than as discrete acts." *Hearn v. McCraw*, 856 F. App'x 493, 496 (5th Cir. 2021) (per curiam) (quotation omitted).

Hadnot argues that LISD's failure to contact him to fill an officer position in 2023 when Tinajero was suspended constituted an adverse employment action under Title VII of the Civil Rights Act of 1964 and an ongoing act of discrimination that serves to extend the limitations period for Hadnot's retaliation claim. This argument fails.

Adverse employment actions under Title VII include "hiring, firing, compensation, or in the terms, conditions, or privileges of his or her employment." *Hamilton v. Dallas County*, 79 F.4th 494, 502–03 (5th Cir. 2023) (quotation omitted). First, hiring decisions are discrete acts, and so cannot constitute a continuing violation. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure

to promote, denial of transfer, or refusal to hire are easy to identify."); *Hearn*, 856 F. App'x at 496 (continuing violation doctrine does not extend limitations period for discrete acts). Second, Hadnot does not even allege that LISD reopened a hiring process in 2023. He asserts that LISD should have reconsidered him for employment four years after declining to hire him, even though he does not allege LISD reopened the position or sought a replacement. Hadnot presents no legal authority to support the notion that LISD's actions in 2023—not calling him back—constitute an adverse employment action. Hadnot does not allege that LISD posted the position, held interviews, or replaced Tinajero, nor that he applied for the position or otherwise suffered any act that could constitute an adverse employment action. The district court therefore did not err by holding that Hadnot did not suffer a continuing violation.

IV

Accordingly, the district court's judgment is AFFIRMED.